Crosby S. Connolly, Esq. (SBN: 286650)
crosby@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**HYDE & SWIGART**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone:   (619) 233-7770
Facsimile:   (619) 297-1022

Attorneys for Jenny Jacqueline Llanos

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jenny Jacqueline Llanos,<br><br>                    Plaintiff,<br><br>v.<br><br>DCN Holdings, Inc. d/b/a Accounts Receivable,<br><br>                    Defendant. | **Case No: _____**<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1.    Jenny Jacqueline Llanos, ("Plaintiff"), through Plaintiff's attorneys, brings this action to challenge the actions of DCN Holdings, Inc. d/b/a Accounts Receivable, ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

2.    Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, which Plaintiff alleges on personal knowledge.

3.   While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4.   Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

5.   Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such specific violation.

6.   Through this complaint, Plaintiff does not allege that any state court judgment was entered against Plaintiff in error, and Plaintiff does not seek to reverse or modify any judgment of any state court.

**JURISDICTION AND VENUE**

7.   Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

8.   This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

9.   Plaintiff is a natural person who resides in the City of Rialto, County of San Bernardino, State of California.

10.   Plaintiff resides in San Bernardino County, as defined by 28 U.S.C. § 1391c(1), the judicial district in which this lawsuit is brought.

11.   At the time of the substantial part of the events or omissions giving rise to the claim occurred, specifically, Defendant contacting Plaintiff by telephone, Plaintiff was physically located in the City of Rialto, County of San Bernardino, State of California.

12.   Because a substantial part of the events or omissions giving rise to the claim occurred in San Bernardino County, venue is proper pursuant to 28 U.S.C. § 1391b(2).

13. At all times relevant, Defendant conducted business within the State of California.

**PARTIES**

14. Plaintiff is a natural person who resides in the City of Rialto, State of California.

15. Defendant is located in the City of Orlando, State of Florida.

16. Plaintiff is a natural person allegedly obligated to pay a debt, and is a consumer, as that term is defined by 15 U.S.C. § 1692a(3).

17. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

18. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a debtor as that term is defined by California Civil Code § 1788.2(h).

19. Defendant, in the ordinary course of business, regularly, on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

20. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.  As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

**FACTUAL ALLEGATIONS**

21. Sometime before October 19, 2016, Plaintiff is alleged to have incurred certain financial obligations.

22. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

23. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

24. Sometime thereafter, but before October 19, 2016, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt.  As it is irrelevant to this action, Plaintiff currently takes no position as to the validity of this alleged debt.

25. Subsequently, but before October 19, 2016, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

26. On or about October 19, 2016, Defendant telephoned Plaintiff and demanded payment of the alleged debt.

27. During this voicemail Defendant failed to disclose in this initial written communication with the consumer that Defendant was attempting to collect a debt and that any information obtained would be used for that purpose, or failed to disclose in subsequent communications that the communication from a debt collector.  Consequently, Defendant violated 15 U.S.C. § 1692e(11).

28. Defendant failed within five days after its initial communication with Plaintiff, to provide written notification containing a statement that unless Plaintiff, within thirty days after receipt of that notice, disputed the validity of the debt, or any portion thereof, Defendant would assume the debt was valid, or failed within five days after its initial communication with Plaintiff to provide a written notice containing a statement that if Plaintiff notified Defendant in writing, within the thirty-day period that the debt, or any portion

1    thereof, was disputed, Defendant would obtain verification of the debt or a

2    copy of a judgment against Plaintiff and a copy of such verification or

3    judgment would be mailed to Plaintiff by Defendant and that Defendant

4    would provide Plaintiff with the name and address of the original creditor.

5    This omission by Defendant violated 15 U.S.C. § 1692g.

6    29.   Because this violated certain portions of the federal Fair Debt Collection

7    Practices Act as these portions are incorporated by reference in the Rosenthal

8    Fair Debt Collection Practices Act, through California Civil Code § 1788.17,

9    this conduct or omission violated Cal. Civ. Code § 1788.17.

10   30.   Because Plaintiff was not provided the information and notices as required

11   under 15 U.S.C. § 1692e(11), 15 U.S.C. § 1692g and Cal. Civ. Code §

12   1788.17, Plaintiff was denied her rights under the FDCPA and the Rosenthal

13   Act.

14   31.   On or about October 21, 2016, Defendant telephoned Plaintiff and demanded

15   payment of the alleged debt.

16   32.   During this voicemail Defendant failed to disclose in this initial written

17   communication with the consumer that Defendant was attempting to collect a

18   debt and that any information obtained would be used for that purpose, or

19   failed to disclose in subsequent communications that the communication from

20   a debt collector.  Consequently, Defendant violated 15 U.S.C. § 1692e(11).

21   33.   Because Plaintiff was not provided the information and notices as required

22   under 15 U.S.C. § 1692e(11) and Cal. Civ. Code § 1788.17, Plaintiff was

23   denied her rights under the FDCPA and the Rosenthal Act.

24   34.   On or about October 26, 2016, Defendant telephoned Plaintiff and demanded

25   payment of the alleged debt.

26   35.   During this voicemail Defendant failed to disclose in this initial written

27   communication with the consumer that Defendant was attempting to collect a

28   debt and that any information obtained would be used for that purpose, or

1    failed to disclose in subsequent communications that the communication from

2    a debt collector.  Consequently, Defendant violated 15 U.S.C. § 1692e(11).

3    36.   Because Plaintiff was not provided the information and notices as required

4    under 15 U.S.C. § 1692e(11) and Cal. Civ. Code § 1788.17, Plaintiff was

5    denied her rights under the FDCPA and the Rosenthal Act.

6                                        **CAUSES OF ACTION**

7                                              **COUNT I**

8              **FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)**

9                              **15 U.S.C. §§ 1692 ET SEQ.**

10    37.   Plaintiff repeats, re-alleges, and incorporates by reference, all other

11    paragraphs.

12    38.   The foregoing acts and omissions constitute numerous and multiple violations

13    of the FDCPA, including but not limited to each and every one of the above-

14    cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

15    39.   As a result of each and every violation of the FDCPA, Plaintiff is entitled to

16    any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in

17    an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and,

18    reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from

19    Defendant.

20                                             **COUNT II**

21    **ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)**

22                          **CAL. CIV. CODE §§ 1788-1788.32**

23    40.   Plaintiff repeats, re-alleges, and incorporates by reference, all other

24    paragraphs.

25    41.   The foregoing acts and omissions constitute numerous and multiple violations

26    of the Rosenthal Act, including but not limited to each and every one of the

27    above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32

28

42. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);

- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);

- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

43. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**HYDE & SWIGART**

Date: December 9, 2016

By: _s/Crosby S. Connolly_
Crosby S. Connolly
Attorneys for Plaintiff